REGAN, Judge.
Plaintiff, Stephen Cassagne, Jr., the owner and lessor of the premises designated by the municipal number 703-705 South Claiborne Avenue in the city of New Orleans, instituted this suit against the defendant, Abraham Bernstein, as lessee thereof, who was then engaged in a tire business, endeavoring to recover the sum of $1,394.30, together with attorney’s fees, representing one-half month’s rent,[1] cost of removing rubbish, and damages to the building caused by the explosion of a steam tire vulcanizer which occurred during the term of the lease.
*850 Defendant pleaded the exceptions oh no right or cause of action, vagueness, and prescription of one year, all of which were properly disposed of by the trial court, and then answered and admitted the occupancy of the building by virtue of the lease but asserted that the premises were in a better condition when he vacated them than when he moved therein.
From a judgment in favor of plaintiff in the amount of $1,394.30, together with legal interest from date of judicial demand, plus attorney’s fees of $250, the defendant has prosecuted this appeal.
The record reveals that the plaintiff leased the premises in 703-705 South Claiborne Avenue to the defendant on January 28, 1951, at a monthly rental of $125. The lease contained the following provisions:
“Lessor warrants that the leased premises are in good condition except as otherwise stipulated herein. Lessee accepts them in such condition and agrees to keep them in such condition during the term of the lease at his expense and to return them to Lessor in the same condition at the termination of the lease, normal decay, wear and tear excepted.
“ * * * Lessee agrees to report in writing to Lessor any damage to the leased premises within twenty-four hours after its happening, and upon his failure to' do so, Lessee shall be bound to repair any consequent or resulting damage.”
Sometime prior to September 1953, the date of which is not revealed by the record, a steam tire vulcanizer exploded in the premises causing damage thereto, the extent of which forms the subject matter of this suit. The defendant failed to notify plaintiff of this incident and the damages which resulted therefrom.
In the month of September 1953 defendant .abandoned the premises and removed most of his property therefrom.
Plaintiff initially learned of the explosion through his insurer and made a cursory inspection of the property shortly thereafter; and after defendant abandoned the premises plaintiff again visited them and observed that the studs, the two by fours, were knocked out of place, the sheetrock in the building was broken, the walls were soiled from soot, the skylights had been broken, and generally it was littered with rubbish.
Approximately three months after defendant vacated the premises, plaintiff contacted Carlton E. Logan, general contractor, and requested him to inspect the premises for the purpose of evaluating the damages thereto, which was done, and at the trial hereof he testified that the building could not be repaired for less than his estimate.
Plaintiff and his mother, Mrs. Stella Folse, who acted as his agent during his absence from the city, both testified that the damages to the property referred to herein-above were caused by the explosion.
Defendant and his employee, Samson J. Pitrie, on the other hand, insisted that the damage to the building which resulted from the explosion was only of a minor nature which Pitrie repaired and that generally the defendant left the property in a better condition than he received it, normal wear and tear excepted.
The foregoing elucidation reveals that only a question of fact was posed for the trial court’s consideration. The judge thereof obviously was unfavorably impressed by the defendant’s and Pitrie’s testimony.
 On the other hand the trial court was certainly impressed by the testimony of plaintiff and his mother and therefore reasoned that the plaintiff had proven his case with that certainty which the'law requires. He therefore concluded that the damages to the building resulted from the explosion of defendant’s steam tire vulcan-izer.
*851 The question which this appeal has posed for our consideration is whether that finding of fact is so erroneous or unsupported by the evidence as to warrant reversal by us. We are of the opinion that no useful purpose would he served by indulging in a protracted dissection of the testimony or by endeavoring to reconcile or evaluate the respective litigants’ and witnesses’ testimony. This is obviously a case which permits of the application of the accepted doctrine that the conclusions of the trial court will not he disturbed when questions of fact are exclusively encompassed by the judgment unless clearly erroneous.
For the reasons assigned the judgment appealed from is affirmed.
Affirmed.

. Defendant conceded in oral argument before this court that the sum of $62.50 was due plaintiff for unpaid rent for one-half month.